**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JEVON PRIETO, | ) | CASE NO. 4:18CV222 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| TOM SCHWEITZER, Warden, | ) | OPINION AND ORDER |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter comes before the Court on Petitioner Jevon Prieto's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody. (Doc. 1). For the following reasons, the Court **ADOPTS AND ACCEPTS** the Magistrate Judge's Report and Recommendation (Doc. 12) and **DISMISSES** the Petition as procedurally defaulted.

### BACKGROUND INFORMATION

The following is a procedural synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated herein, provides a more complete and detailed discussion.

In January of 2013, a Mahoning County, Ohio Grand Jury indicted Petitioner with two counts of Illegal Conveyance of a Drug of Abuse onto the Grounds of a Detention Facility and one count of Tampering with Evidence. In July of 2015, a Jury convicted Petitioner on all three charges. The Trial Court sentenced Petitioner to an aggregate sentence of sixty months.

Petitioner timely appealed his conviction. On December 16, 2016, the Ohio Court of Appeals affirmed the conviction, but remanded for resentencing due to procedural errors in the sentence.[1] On August 24, 2017, Petitioner moved the Ohio Supreme Court for a delayed appeal, which the State Supreme Court denied.

On January 22, 2018, Petitioner mailed his Petition for habeas relief. He asserted the following Grounds for Relief:

> **GROUND ONE:** Violation of the Equal Protection Clause by allowing the State of Ohio to use a peremptory challenge on the only African American juror on the jury panel without establishing a race neutral explanation for the excusal of the potential juror.
>
> **GROUND TWO:** Trial court denied Defense Rule 29 Motion[.] The evidence was insufficient to prove the elements of the offense[.] Also the trial court overlooked and allowed State's witnesses to perjure themselves by testifying contrary to initial reports[.] Witnesses presented irrelevant and tainted evidence and fallacious statements which misled jurors.
>
> **GROUND THREE:** Trial attorney failed to properly prepare[.] He failed to raise meritorious motions before and during trial[.] Appeal attorney failed to raise meritorious errors in Petitioner's brief nor did he appeal the district court decision nor inform Petitioner of the legal proceedings[.] He failed to properly prepare, investigate and represent Petitioner[.] His performance was deficient.
>
> **GROUND FOUR:** The investigator was unfair and bias[ed] towards Petitioner during his investigation[.] His investigation was in favor of the State[.] Nothing was done on Petitioner's behalf to prove his innocen[ce]. Witnesses admit to changing their stories after meeting with him[.] His witnesses blatantly and openly tampered with evidence and committed other malfeasance act! Judicial misconduct. Mr. Wylie testified and there stated he had nothing to do with this case.

---

[1] On remand, the Trial Court made the requisite findings, amended its sentencing order and sentenced Petitioner to an aggregate of sixty months. Petitioner did not appeal the amended sentence.

On March 8, 2018, the Court referred the Petition to Magistrate Judge Jonathan D. Greenberg for a Report and Recommendation. (Doc. 7). After he received Respondent's Return of Writ, Petitioner requested additional time to respond, which the Magistrate Judge granted. (Docs. 10 & 11). However, Petitioner never filed his Traverse.[2]

On May 31, 2019, the Magistrate Judge issued his Report and Recommendation, in which he recommended the Court dismiss the Petition as procedurally defaulted. (Doc. 12). Petitioner filed his Objection on August 28, 2019. (Doc. 17).[3]

### STANDARD OF REVIEW

A habeas petitioner must exhaust State court remedies prior to petitioning for a writ of habeas corpus in Federal court. 28 U.S.C. § 2254(b)–(c). Claims not stated before State courts while remedies are available, or before procedural rules prevent State courts from reaching the merits of claims, are procedurally defaulted and a Federal court may not consider them. *Seymour v. Walker*, 224 F.3d 542, 549-50 (6th Cir. 2000). Absent either cause and prejudice, or the potential to result in a fundamental miscarriage of justice, a Federal court will not reach the merits of claims that have been procedurally defaulted in State court by a State prisoner in his direct appeal. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *William v. Anderson*, 460 F.3d 789, 805-06 (6th Cir. 2006).

Cause is found when a habeas petitioner demonstrates that "'some objective factor external to the defense prevented the petitioner's compliance with a State procedural rule." *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004) (quoting *Murray v. Carrier*, 477 U.S. 478,

---

[2] Petitioner now claims that he mailed his Traverse on June 20, 2018.

[3] Since Petitioner initially never objected to the Report and Recommendation, the Court summarily adopted the Report and Recommendation and dismissed the Petition. (Doc. 13). However, on July 22, 2019, Petitioner requested additional time to object. (Doc. 15). In the interests of justice, the Court vacated its prior Order and allowed Petitioner to file an objection. (Doc. 16).

488 (1986). Prejudice requires the petitioner to demonstrate "that the trial was infected with constitutional error." *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006).

Finally, "[a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge may accept, reject, modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## ANALYSIS

The Magistrate Judge found that Petitioner procedurally defaulted all four Grounds for Relief. Moreover, Petitioner has not demonstrated either cause and prejudice or actual innocence to excuse his procedural default. While difficult to parse, Petitioner seems to agree that he procedurally defaulted each of his Grounds for Relief. But he disagrees with the Magistrate Judge and argues that his default may be excused. In particular, he argues both his attorneys provided inadequate representation and that certain miscarriages of justice occurred throughout his case.

The Court agrees with the Magistrate Judge. As mentioned, Petitioner agrees that his Grounds for Relief are procedurally defaulted. But he objects and says his default should be excused because of his appellate counsel's ineffective assistance.[4] Ineffective assistance of appellate counsel may serve as cause to overcome a petitioner's procedural default. *Dietz v. Money*, 391 F.3d 804, 809 (6th Cir. 2004). Moreover, an appellate counsel's failure to notify his client of the appellate court's decision can establish constitutionally deficient performance

---

[4] Petitioner blames appellate counsel for two perceived missteps – 1) failure to both appeal to the Ohio Supreme Court and notify Petitioner of the Court of Appeal's decision; and 2) failure to make certain arguments throughout his case. Both perceived missteps are subject to a similar analysis.

- 4 -

necessary to demonstrate cause. *Smith v. State of Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 434-35 (6th Cir. 2006).

However, even assuming Petitioner's appellate counsel provided ineffective assistance, Petitioner's claims are still procedurally defaulted. "A claim of ineffective assistance of counsel must be presented to the state courts as an independent claim before it may be used to establish cause for procedural default." *Deitz*, 391 F.3d at 809 (citing *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000)). If not, "an ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted." *Edwards*, 529 U.S. at 453. In Ohio, claims of ineffective assistance of counsel must be raised in a delayed motion for reopening in the State's appellate courts before asserting them in the Federal courts. *See* OHIO R. APP. P. 26(B); *Coleman v. Mitchell*, 244 F.3d 533, 539 (6th Cir. 2001) (citing *State v. Murnahan*, 63 Ohio St.3d 60 (1992)).

Here, Petitioner never filed a delayed motion for reopening with the Court of Appeals to assert his claim of ineffective assistance of appellate counsel based on counsel's failure to deliver prompt notice of the court's decision. Petitioner also failed to show cause for not asserting this claim via a Rule 26(B) motion. The Magistrate Judge pointed this out. But, in his Objection, Petitioner never responded. Because Petitioner's ineffective assistance of appellate counsel claim is itself procedurally defaulted and he has not shown "cause and prejudice" for that default, Petitioner's ineffective assistance of appellate counsel cannot serve as "cause" to excuse his four procedurally defaulted habeas claims.

Petitioner also claims that he experienced various miscarriages of justice throughout the proceedings. The objects of his blame are the Ohio courts that refused to "rectify this profound injustice." (Doc. 17, PageID: 249). Petitioner is correct in that the threat of a miscarriage of

justice may excuse a petitioner's procedural default. *Williams*, 460 F.3d at 805-06. But in order to fall within that exception, Petitioner must show new reliable evidence of actual innocence. *Schlup v. Delo*, 513 U.S. 298, 321-22 (1995). In this context, "actual innocence means factual innocence, not mere legal insufficiency." *Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). New reliable evidence can be "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence" not presented at trial. *Souter*, 395 F.3d at 590. Accordingly, this exception is rare and only applied in the extraordinary case. *Id.*

Here, Petitioner did not present any 'new reliable evidence' to fall within the exception. Instead, he recapped trial testimony and attempted to highlight perceived inconsistencies. But this does not satisfy Petitioner's burden. As the Magistrate Judge correctly concluded, "[a]bsent new evidence of innocence, 'even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim.'" (Doc. 12, PageID: 229-30, citing *Schlup*, 513 U.S. at 316). The Court agrees and will not reach the merits of Petitioner's claims.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS AND ACCEPTS** the Magistrate Judge's Report and Recommendation and **DISMISSES** Petitioner's Petition (Doc. 1) under 28 U.S.C. § 2254 for Writ of Habeas Corpus as procedurally defaulted.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of

appealability. 28 U.S.C. § 2253(c)(2); Fed. R. App. R. 22(b); Rule 11 of Rules Governing § 2254 Cases.

**IT IS SO ORDERED.**

                                             s/ Christopher A. Boyko
                                            **CHRISTOPHER A. BOYKO**
                                            **Senior United States District Judge**

**Dated: January 15, 2021**